UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARIA VOZZA, NATALIA ZEER, and
1443180 ONTARIO LTD.,

                            Plaintiffs,

        -against-                    **REPORT AND RECOMMENDATION**

MICHAEL POLLACK, MARK MORGAN,      14-CV-4879 (RMB) (KNF)
and BRETT HUDSON,
                            Defendants.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD M. BERMAN, UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

The plaintiffs, Maria Vozza ("Vozza"), Natalia Zeer ("Zeer") and 1443180 Ontario Ltd., commenced this action against Michael Pollack ("Pollack"), Mark Morgan ("Morgan"), Brett Hudson ("Hudson"), Curtis Sobel ("Sobel") and Sobel Law Group, LLC, alleging: (1) fraud; (2) a violation of Section 10(b) of the Securities Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78j; (3) a violation of Section 20(b) of the 1934 Act, 15 U.S.C. § 78t; (4) negligent misrepresentation; and (5) breach of fiduciary duty, seeking no less than $200,000, plus interest and punitive damages resulting from the plaintiffs' purchase of promissory notes issued by Kerry, Kimmel & Pollack, LLC ("KKP") in connection with the production of a motion picture, "Hansel and Gretel Get Baked" ("the film"). The plaintiffs alleged that the defendants made numerous false statements of material facts, knowingly, to induce the plaintiffs to purchase the promissory notes from KKP, including that KKP: (a) had additional future projects; (b) had guaranteed receivables; and (c) entered into agreements guaranteeing the payment for foreign

1

distribution of the film. The secured notes were acquired, from KKP, through the following payments: (i) $50,000 by Vozza; (ii) $50,000 by Zeer; and (iii) $100,000 by 1443180 Ontario Ltd.

The plaintiffs did not serve Pollack and Morgan with the summons and complaint. On January 7, 2016, claims against Sobel and Sobel Law Group, LLC were dismissed. On April 1, 2016, a default judgment was entered against Hudson and the matter referred to the undersigned for an inquest on damages. Before the Court are the plaintiffs' unopposed inquest submissions: (1) inquest memorandum of law; (2) declaration by Melissa Coletti ("Coletti"), an officer of 1443180 Ontario Ltd.; (3) Vozza's declaration; (4) Zeer's declaration; and (5) proposed findings of fact and conclusions of law.

## PLAINTIFFS' INQUEST SUBMISSIONS

The plaintiffs seek $200,000, under New York law and the 1934 Act, which is the amount they invested in the secured notes based on the defendants' misrepresentations. The plaintiffs contend that $200,000 represents the difference between the true value of the bargain and the value of consideration, which amounted to zero, as well as the out-of-pocket loss, as measured by the difference between the price paid for the promissory notes and their true value at the time of payment, which was zero. Attached to Coletti's declaration are promissory notes issued by KKP in the following principal amounts to be paid by KKP: (a) $50,000 to Vozza; (b) $50,000 to Zeer; and (3) $100,000 to 1443180 Ontario Ltd., together with 20% accrued premium, "in 90 days from [KKP's] actual receipt of those funds secured by this Note," to be paid to Vozza and Zeer, and "in 180 days from [KKP's] actual receipt of those funds secured by this Note," to be paid to 1443180 Ontario Ltd. The plaintiffs did not receive any money pursuant to the promissory notes at issue.

## FINDINGS OF FACTS

The plaintiffs purchased promissory notes from KKP. The principal amount of the loan on each promissory note is as follows: (1) $50,000, dated January 16, 2012, made by Vozza; (2) $50,000, dated January 16, 2012, made by Zeer; and (3) $100,000, dated December 1, 2011, made by 1443180 Ontario Ltd. The promissory notes provide that Vozza and Zeer be paid the principal amounts together with twenty percent accrued premium "in 90 days from [KKP's] actual receipt of those funds secured by this Note," and 1443810 Ontario Ltd. be paid the principal amount together with twenty percent accrued premium "in 180 days from [KKP's] actual receipt of those funds secured by this Note." The promissory notes provide that "any dispute arising in connection herewith or therewith shall be governed by the internal laws of the State of California (without giving effect to principles of conflicts of law)." The plaintiffs did not receive any return on their investments.

## CONCLUSIONS OF LAW

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). Establishing the appropriate amount of damages involves two steps: (1) "determining the proper rule for calculating damages on . . . a claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." Id. When assessing damages, a court cannot "just accept [the plaintiff's] statement of the damages"; rather, damages must be established "with reasonable certainty." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

3

"Traditionally, economic loss in Section 10(b) cases has been determined by use of the 'out-of-pocket' measure for damages," which provides for a defrauded buyer of securities "to recover only the excess of what he paid over the value of what he got." Acticon AG v. China North East Petroleum Holdings Ltd., 692 F.3d 34, 38 (2d Cir. 2012) (quoting Levine v. Seilon, 439 F.2d 328, 334 (2d Cir. 1971)). Section 20(a) of the 1934 Act provides that the total amount of damages "shall not exceed the profit gained or loss avoided in the transaction or transactions that are the subject of the violation." 15 U.S.C. § 78t-1(b)(1).

It is not clear why the plaintiffs seek damages based on New York common law, given that the promissory notes at issue provide that California law governs any dispute in connection with them, "without giving effect to principles of conflicts of law." Notwithstanding the plaintiffs' contention that New York common law applies in calculating damages on their common law claims, under the 1934 Act, the plaintiffs' promissory notes are considered securities, see 15 U.S.C. § 77b(a)(1), and the plaintiffs may recover out-of-pocket losses, namely, the difference between what they paid and the value they received. The evidence submitted by the plaintiffs establishes that they suffered damages in the amount of $200,000, consisting of: (a) $50,000 by Vozza; (b) $50,000 by Zeer; and (c) $100,000 by 1443180 Ontario Ltd. The collective amount of $200,000 is the amount the plaintiffs invested in purchasing the promissory notes, the market value of which was zero at the time of purchase. The plaintiffs established with reasonable certainty that they are entitled to $200,000, collectively.

## RECOMMENDATION

For the foregoing reasons, I recommend that the following damages be paid by Hudson: (1) $50,000 to Vozza; (2) $50,000 to Zeer; and (3) $100,000 to 1443180 Ontario Ltd.

4

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 1650, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Berman.

*Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
      June 15, 2016

Respectfully submitted,

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE